MEMORANDUM **
Petitioner Neelum Prakash appeals the Board of Immigration Appeals’ decision affirming the immigration judge’s denial of asylum, withholding of removal, and relief under the Convention Against Torture. At her asylum hearing, Prakash, a young Indo-Fijian woman, testified that she was raped by five native Fijians on account of her race. The IJ determined that Prakash’s testimony was not credible because she had failed to disclose the alleged rape in her application for asylum or at her asylum interview. The BIA affirmed the IJ’s adverse credibility determination, and Prakash timely petitioned this court for review.
The IJ found Prakash not credible because her testimony at the hearing “differed] in significant respect from her previously filed statement submitted in support of her application for asylum.” Prakash’s declaration did not mention any sexual assault, and the IJ found that she “did not disclose the [rape] to her interviewer at the asylum office, even though she related a similar event that allegedly occurred eight months earlier, which did not result in a rape, when specifically queried by the interviewer regarding a rape.”
Although the IJ thus concluded that Prakash’s failure to disclose the rape in her application for asylum and interview with an asylum officer fatally undermined her credibility, our precedent points in the opposite direction. We have consistently held that the timing of an asylum applicant’s disclosure of a sexual assault in her home country does not serve as a reliable “bellwether” of credibility, as many victims of sexual assault are understandably reluctant to relay such an incident to immigration officials. See Mousa v. Mukasey, 530 F.3d 1025 (9th Cir.2008); Kebede v. Ashcroft, 366 F.3d 808 (9th Cir.2004); Paramasamy v. Ashcroft, 295 F.3d 1047 (9th Cir.2002). The IJ’s reasoning in this case is contrary to Kebede, which specifically held that “[a] victim of sexual assault does not irredeemably compromise ... her credibility by failing to report the assault at the first opportunity.” 366 F.3d at 811.
In light of this precedent, we GRANT the petition for review and reverse the IJ’s adverse credibility determination, which was not supported by substantial evidence. Because the BIA did not reach the IJ’s alternative holding that Prakash failed to demonstrate mistreatment rising to the level of persecution or the question whether Prakash has a well-founded fear of future persecution, we REMAND her claims for asylum and withholding of removal to *485 the agency for further proceedings. We also REMAND Prakash’s claim for relief under the Convention Against Torture, as both the BIA and the IJ dismissed that claim based on the same erroneous credibility determination.
GRANTED and REMANDED

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.